UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy McCormick,<br>a/k/a Timothy Robin McCormick, | ) C/A No. 2:10-33-RBH-RSC<br>)<br>) |
| Plaintiff, | ) REPORT AND RECOMMENDATION<br>) |
| vs. | )<br>) |
| Chuck Wright; Elizabeth McCormick;<br>Spartanburg Herald Journal, | )<br>) |
| Defendants. | )<br>) |

2010 JAN 19 A 11: 34
USDC. CLERK. CHARLESTON.
RECEIVED CHARLESTON.

The plaintiff, Timothy McCormick ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the Spartanburg County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name the Sheriff of Spartanburg County as a defendant.[2] Plaintiff alleges false imprisonment and defamation, and he seeks money damages. The complaint should be dismissed for failure to state a claim on which relief may be granted and *Younger* abstention.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further,

2

the plaintiff is a prisoner under the definition in 28 U.S.C. §
1915A(c), and "seeks redress from a governmental entity or officer
or employee of a governmental entity." 28 U.S.C. § 1915A(a).
Thus, even if the plaintiff had prepaid the full filing fee, this
court is charged with screening the plaintiff's lawsuit to identify
cognizable claims or to dismiss the complaint if (1) it is
frivolous, malicious, or fails to state a claim upon which relief
may be granted or (2) seeks monetary relief from a defendant who is
immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents,
*Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less
stringent standard than those drafted by attorneys. *Estelle v.
Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per
curiam*). Even under this less stringent standard, however, the *pro
se* complaint is subject to summary dismissal. The mandated liberal
construction afforded to *pro se* pleadings means that if the court
can reasonably read the pleadings to state a valid claim on which
the plaintiff could prevail, it should do so, but a district court
may not rewrite a petition to include claims that were never
presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10ᵗʰ Cir. 1999),
or construct the plaintiff's legal arguments for him, *Small v.
Endicott*, 998 F.2d 411, 417-18 (7ᵗʰ Cir. 1993), or "conjure up
questions never squarely presented" to the court, *Beaudett v. City
of Hampton*, 775 F.2d 1274, 1278 (4ᵗʰ Cir. 1985). The requirement

3

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that he is detained in a jail because his "ex-wife had me locked up because she found out that I was divorcing her by stating that I had sex with a minor. She had a friend to write a false statement against me. . . ." (Compl. at 4) Plaintiff alleges that the ex-wife's friend has since recanted that statement in writing, and he attached a copy of Orsetti's statement of recantation.[3] (Compl. at 4, Ex. 1-1 at 6) In the complaint, Plaintiff references that he may also be accused of "hitting and killing someone." (Compl. at 4) However, Plaintiff alleges that he is innocent of the charges against him, that the defendants know he is innocent, but that they are "just holding me here." *Id.* Plaintiff alleges that he attached documents to the complaint which demonstrate his innocence.[4] *Id.*

---

[3] The statement is purportedly written by Patricia Orsetti, and it indicates that Elizabeth McCormick was the person that convinced Orsetti to falsely accuse Plaintiff of a crime.

[4] A South Carolina Law Enforcement Division Forensic Services Laboratory Report dated July 16, 2009, that lists Timothy McCormick as [S] and Joshua McCurry as [V], indicates that "no human DNA was obtained from" the right frame or undercarriage left side of a vehicle. (Compl., Ex. 1-1 at 2 and 3)

Plaintiff claims that he is being detained on false charges. (Compl. at 4) It appears that the pending charges against Plaintiff in the Spartanburg County Court of General Sessions are: "2463-Traffic / Hit and run, duties of driver involved in accident with death" and "0385-Sex / Criminal sexual conduct with minor - victim under 11 yrs of age - First degree." *See* Spartanburg County Seventh Judicial Circuit Public Index Homepage, (enter "Timothy Robin McCormick" and "search public index," then click on "M110219" and "M113929" and click on "Charges") (last visited Jan. 13, 2010).[5] Plaintiff alleges that the Spartanburg Herald Journal printed his name and picture in the newspaper with regard to the "false charges." (Compl. at 4) Plaintiff alleges that he had a wonderful and promising career as a plumber for J. Smith's Plumbing, but that because of the publicity about the charges he will likely have difficulty finding employment in the future. *Id.* It appears that on November 12, 2009, Plaintiff filed a motion with the Spartanburg County Clerk of Court to dismiss Warrant # M-110219 "on the grounds of no evidence." (Compl., Ex. 1-1 at 5)

---

[5] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Plaintiff alleges "false imprisonment, deplemation (sic) of character, slander, loss of wages, and pain & suffering." (Compl. at 6) He appears to seek $7,000,000. *Id.*

## Discussion

Plaintiff alleges that he is "innocent" of the "false charges" pending against him. To the extent that Plaintiff may be bringing this action to attempt to halt, dismiss, or void the criminal charges pending against him in the Spartanburg County Court of General Sessions, this Court should abstain from interfering with the pending State charges. Although, "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress[,]'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007), in some circumstances abstention is appropriate. Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. *Id.* "*Younger v. Harris*, 401 U.S. 37 (1971), permits federal courts to abstain from hearing cases that would interfere with a pending state criminal proceeding." *Id.* at 364. In this case, liberally construed Plaintiff alleges that there are two criminal charges pending against him in state court and that on November 12, 2009, he filed a motion to dismiss one of the charges based upon lack of evidence. Plaintiff requests that this Court find that he is, in fact, falsely imprisoned. If this Court were

6

to find that Plaintiff is falsely imprisoned, that would certainly interfere with the State's pending criminal proceedings. Accordingly, it is appropriate and recommended that this Court abstain on his § 1983 claim.

Plaintiff's § 1983 claim for damages due to false imprisonment is akin to a malicious prosecution claim. If the Fourth Amendment to the United States Constitution encompasses a malicious prosecution claim, then it may be cognizable under § 1983. *See* *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007). However, one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *Id.* at 392 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996). Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.[6] Therefore, with respect to a Fourth

_____

[6] The United States Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Supreme Court noted that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions ... ." *Id.* at 486. In the case *sub judice*, this Court recognizes that because Plaintiff has not yet been <u>convicted</u> and the criminal charges are pending, the *Heck* rule may not squarely apply. *See* *Wallace v. Kato*, 549 U.S. 384, 393 (2007); *Bristol v. Kirkland Corr. Inst.*, C/A No. 8:09-43-TLW-BHH, 2009 WL 2182172 (D.S.C. July

7

Amendment / malicious prosecution claim, Plaintiff has failed to allege a claim on which relief may be granted.

Additionally, Plaintiff fails to state a claim on which relief may be granted as to his defamation and slander claims because an alleged act of defamation of character[7] or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Also, Plaintiff's alleged defamation claim against the defendant Spartanburg Herald Journal is subject to dismissal based upon the "fair report" doctrine. The claim against the newspaper is based upon its printing Plaintiff's name, picture, and the pending charges in the newspaper on some date. Under longstanding South Carolina case law, contents of governmental records — such as

_____

21, 2009) (noting that *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases). However, some courts have held that *Wallace v. Kato*, 549 U.S. 384 (2007), is limited to false arrest claims and that the general *Heck* rule was left undisturbed. *See Jonanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515 at *3 (S.D.N.Y. Feb. 7, 2008). Thus, it is possible that Plaintiff failed to state a cognizable § 1983 claim for false imprisonment due to the *Heck* rule.

[7] Slander usually refers to acts of defamation that are made "by oral expressions or transitory gestures," while libel refers to acts of defamation that are expressed "by print, writing, pictures, or signs." *See Black's Law Dictionary* (5th edition, 1979), at pages 824 and 1244.

8

judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel. *See Heyward v. Cuthbert*, 15 S.C.L. (4 McCord) 354, 356-59 (1827); and *Padgett v. Sun News*, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982). *See also* case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, *e.g.*, *Medico v. Time, Inc.*, 643 F.2d 134, 137-140 (3rd Cir. 1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an organized crime group; *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and *Lee v. Dong-A Ilbo*, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988).

Defendant Chuck Wright, to the extent he is sued in his official capacity as the Sheriff of Spartanburg County, should be summarily dismissed from this action based upon the Eleventh Amendment. In South Carolina, a county sheriff is an agent of the State. *See Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871

9

F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As a state agent, Chuck Wright in his official capacity is immune from suit under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort Co.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina sheriff's department, as such a suit is barred by state immunity.")

Defendant Elizabeth McCormick, Plaintiff's alleged ex-wife, is not subject to suit under § 1983 because she is alleged to have acted as a private citizen when she allegedly framed Plaintiff for a crime. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because there are no facts which tend to show that defendant McCormick acted under color of state law, Plaintiff failed to state a cognizable claim against her pursuant to 42 U.S.C. § 1983.

10

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

Robert S. Carr
United States Magistrate Judge

January *15*, 2010
Charleston, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

12